| | |
|---|---|
| ANTOINE LeBLANC AND DANIEL CAMP,<br><br>        Plaintiffs,<br><br>vs.<br><br>SCOTT KIERNAN, et al.,<br><br>        Defendants. | 1:18-cv-00591-GSA-PC<br><br>ORDER SEVERING PLAINTIFFS' CLAIMS, AND DIRECTING CLERK'S OFFICE TO OPEN NEW CASE FOR PLAINTIFF DANIEL CAMP<br><br>THIRTY DAY DEADLINE FOR EACH PLAINTIFF TO FILE AN AMENDED COMPLAINT IN HIS OWN CASE<br><br>FORTY-FIVE DAY DEADLINE FOR PLAINTIFF DANIEL CAMP TO SUBMIT AN APPLICATION TO PROCEED IN FORMA PAUPERIS, OR PAY THE FILING FEE, FOR HIS OWN CASE |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

## I. BACKGROUND

Plaintiffs, Antoine LeBlanc and David Camp ("Plaintiffs"), are state prisoners proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs filed the Complaint commencing this action on February 16, 2018. (ECF No. 1.)

## II. SEVERANCE OF CLAIMS

After reviewing the Complaint, the court has determined that each Plaintiff should proceed separately on his own claims. Rule 21 of the Federal Rules of Civil Procedure

provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party ... [or] sever any claim against a party." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of Sacramento, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D. Cal. Nov. 6, 2006).

In the court's experience, an action brought by multiple plaintiffs proceeding *pro se*, in which one or more of the plaintiffs are incarcerated, presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals. Further, the need for all plaintiffs to agree on all filings made in this action, and the need for all filings to contain the original signatures of all plaintiffs will lead to delay and confusion. Therefore, Plaintiffs' claims shall be severed; Plaintiff LeBlanc shall proceed as the sole plaintiff in this case; and a new case shall be opened for Plaintiff Daniel Camp. Gaffney v. Riverboat Serv. of Indiana, 451 F.3d 424, 441 (7th Cir. 2006). Each Plaintiff shall be solely responsible for prosecuting his own case.

Since the claims of the Plaintiffs will be severed, each of the Plaintiffs shall be given thirty days to file, in his own action, an amended complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend 'shall be freely given when justice so requires.'" Plaintiffs must each demonstrate in their individual amended complaints how the conditions complained of resulted in a deprivation of their constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Each Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 679; Moss, 572 F.3d at 969. Each amended complaint must specifically state how each defendant is involved. Each Plaintiff must demonstrate that

///

each defendant *personally* participated in the deprivation of his rights. <u>Jones</u>, 297 F.3d at 934 (emphasis added).

Plaintiff Camp shall also be required to submit an application to proceed *in forma pauperis* or pay the $400.00 filing fee for his own action, within forty-five days.

Plaintiffs should note that although they have been given the opportunity to amend, it is not for the purposes of adding new defendants relating to issues arising after February 16, 2018. In addition, Plaintiffs should take care to include only those claims that have been exhausted prior to the initiation of this suit on February 16, 2018.

Finally, Plaintiffs are advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Each amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

## III. CONCLUSION AND ORDER

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff LeBlanc shall proceed as the sole plaintiff in case number 1:18-cv-00591-GSA-PC;
2. The claims of Plaintiff Camp are severed from the claims of Plaintiff LeBlanc;
3. The Clerk of the Court is directed to
   a. Open a separate § 1983 civil action for Plaintiff Daniel Camp;
   b. Assign the new action to the Magistrate Judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

  c. File and docket a copy of this order in the new action opened for Plaintiff Daniel Camp;

  d. Place a copy of the Complaint (ECF No. 1), which was filed on February 16, 2018, in the new action opened for Plaintiff Camp;

  e. Send Plaintiff Camp an endorsed copy of the Complaint (ECF No. 1), filed on February 16, 2018, bearing the case number assigned to his own individual action;

  f. Send each of the Plaintiffs a § 1983 civil rights complaint form; and

  g. Send to Plaintiff Daniel Camp an application to proceed *in forma pauperis*;

4. Within **thirty (30) days** from the date of service of this order, the two Plaintiffs shall each file an amended complaint bearing his own case number;

5. Each amended complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT" and be an original signed under penalty of perjury;

6. Within **forty-five (45) days** from the date of service of this order, Plaintiff Daniel Camp shall submit an application to proceed *in forma pauperis*, or payment of the $400.00 filing fee, in his own case; and

7. <u>The failure to comply with this order will result in a recommendation that the action be dismissed</u>.

IT IS SO ORDERED.

 Dated: **July 3, 2018**     **/s/ Gary S. Austin**
                UNITED STATES MAGISTRATE JUDGE