UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE LeBLANC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SCOTT KIERNAN, et al.,<br><br>　　　　Defendants. | 1:18-cv-00591-LJO-GSA-PC<br><br>ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS AND DISMISSING ACTION UNDER 28 U.S.C. § 1915(g), WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $400.00 FILING FEE IN FULL<br>(ECF No. 1.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

## I.　BACKGROUND

Plaintiff Antoine LeBlanc ("Plaintiff LeBlanc") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff LeBlanc and his co-plaintiff Daniel Camp filed the Complaint commencing this action on February 16, 2018, in the United States District Court for the Central District of California. (ECF No. 1.) On April 30, 2018, the case was transferred to this court. (ECF No. 7.) On July 2, 2018, the court granted Plaintiff LeBlanc's motion for leave to proceed *in forma pauperis*. (ECF No. 15.)

On July 5, 2018, the court issued an order severing the two plaintiffs' claims and directing the clerk to open a new case for co-plaintiff Daniel Camp, leaving Plaintiff LeBlanc as the sole plaintiff in this case. (ECF No. 16.) The plaintiffs were ordered to each file an amended complaint in his own case within thirty days. (Id.) To date, Plaintiff LeBlanc has not filed an amended complaint.

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

"This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "Andrews"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." Id.; see also Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "Cervantes") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," Andrews, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g); Cervantes, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP

complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, Andrews, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." Id. at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" Id. (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Andrews further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact . . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." Andrews, 398 F.3d at 1121 (quotation and citation omitted).

**III. ANALYSIS**

A review of the actions filed by Plaintiff LeBlanc reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. Court records reflect that on at least three prior occasions, Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. See 1) LeBlanc v. Asuncion, Civil Case No. 2:16-cv-04725-JLS-AFM (C.D. Cal. July 8, 2016,

3

Order dismissing action for failure to state a claim) (strike one); 2) LeBlanc v. Asuncion, et al., Civil Case No. 2:16-cv-07434-JLS-AFM (C.D. Cal. Oct. 12, 2016, Order of dismissal as frivolous, malicious, or for failure to state a claim) (strike two); and 3) LeBlanc v. Asuncion, et al., Civil Case No. 2:15-cv-05174 JLS-AFM (C.D. Cal. Sept. 11, 2017, Order of dismissal for failure to state a claim) (strike three).[1]

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Cervantes, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has reviewed Plaintiff's Complaint for this action and finds that Plaintiff does not meet the imminent danger exception. See Cervantes, 493 F.3d at 1053. The gravamen of the Complaint, filed on February 20, 2018, is that Plaintiff is being retaliated against by prison staff at Corcoran State Prison (CSP). Plaintiff alleges that he was unexpectedly transferred to CSP on January 20, 2018, that his life is in danger, and that he is "actively decompensating." (ECF No. 1 at 18.)[2] He makes vague allegations about being threatened by staff and other inmates, but he alleges no facts showing a specific threat or any actual, present risk of physical

---

[1] The court takes judicial notice of the records in Plaintiff's prior cases. It is well settled that the Court "may take judicial notice of its own records in other cases. . . ." United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). The court has examined the referenced dismissal orders and verified that the three cases were dismissed for failure to state a claim.

[2] Page numbers from the Complaint cited in this order are those assigned by the court's CM/ECF system and are not based on Plaintiff's pagination.

4

harm at the time he filed the Complaint. Plaintiff speculates that he may be attacked by sensitive needs inmates if he is placed on a particular yard. He claims that his life is at risk because he has been falsely labeled a sex offender, but there are no facts showing a specific threat made against him because of his label. He alleges that prison staff used unnecessary force during a cell extraction, causing injuries to Plaintiff, but this incident happened "after [Plaintiff] arriv[ed] at CSP," well before he filed the Complaint. (ECF No. 1 at 6 ¶9.) Plaintiff alleges that he has engaged in self-injurious behavior but gives no specific examples. He also alleges that he is fearful because the Captain told him he would "end up missing" if he "started filing anything," and because when Plaintiff refused to leave his cell, the Captain told him he would "make him disappear." (ECF No. 1 at 6 ¶12, 18.) These vague allegations do not cause any inference that Plaintiff was in any immediate danger. Plaintiff's allegations are devoid of any showing that he was under imminent danger of serious physical injury at the time he filed the Complaint.

Therefore, Plaintiff may not proceed *in forma pauperis* in this action, and must submit the appropriate filing fee in order to proceed with this action. Accordingly, Plaintiff's *in forma pauperis* status shall be revoked, and this action shall be dismissed under 28 U.S.C. § 1915(g), without prejudice to refiling with the submission of the $400.00 filing fee in full.

## IV. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's *in forma pauperis* status is REVOKED;
2. The court's order issued on July 2, 2018 (ECF No. 15), which granted Plaintiff leave to proceed *in forma pauperis* and directed payment of Plaintiff's filing fee by the CDCR, is VACATED;
3. This case is DISMISSED, without prejudice to refiling with the submission of the $400.00 filing fee in full; and
2. The Clerk of Court is directed to:
    (1) CLOSE this case, and

///

(2) SERVE a copy of this order on the CDCR and the court's financial department.

IT IS SO ORDERED.

Dated: **August 20, 2018**          /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE